JUDGMENT

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---------------

NO. 03-10118
CT/AG#: CR-01-00263-1-SOM

UNITED STATES OF AMERICA

        Plaintiff - Appellee

v.

ETI MAUMEA

        Defendant - Appellant

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 1 2 2004

at ___ o'clock and ___ min. ___M
WALTER A. Y. H. CHINN, CLERK

---------------------

APPEAL FROM the United States District Court for the District of Hawaii (Honolulu).

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.

Filed and entered June 15, 2004

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUL 08 2004

by: _____
Deputy Clerk

**FILED**

**JUN 15 2004**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ETI MAMEA,<br><br>Defendant - Appellant. | No. 03-10118<br><br>D.C. No. CR-01-00263-1-SOM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted May 3, 2004
Honolulu, Hawaii

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

Defendant Eti Mamea appeals his 235-month sentence of imprisonment for aiding and abetting in the possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

In order to comply with Fed. R. Crim. P. 11(b)(1)(G) the district court must advise the defendant of the elements of the charge and must ensure that the defendant understands them. United States v. Minore, 292 F.3d 1109, 1115 (9th Cir. 2002). The district court judge conducted a thorough and complete Rule 11 colloquy. Mamea was twice informed of all elements of the charge against him. Mamea affirmed that he understood the charges against him.

Rule 11(b)(3) requires the judge to determine there is a factual basis for the guilty plea before entering the judgment. Mamea told the judge that he planned to give the drugs to somebody else to sell. "A defendant need not actually sell drugs to aid and abet in their distribution. Rather, it is enough that the defendant associate with the criminal venture, participate in it, and seek by actions to make it succeed." United States v. Savinovich, 845 F.2d 834, 838 (9th Cir. 1988) (citations omitted). After the prosecutor detailed Mamea's involvement in the crime, the judge asked Mamea if anything the prosecutor had said was not correct, to which Mamea replied "No." There were no Rule 11 violations in the colloquy below.

"[T]he decision to permit or deny withdrawal of a guilty plea is within the district court's sound discretion . . . this court has not overturned a denial of a motion to withdraw a guilty plea absent something more than the defendant's

2

change of mind." United States v. Rios-Ortiz, 830 F.2d 1067, 1069-70 (9th Cir. 1987) (citations omitted). Given the factual basis for the plea, the district court did not abuse its discretion in determining that Mamea's attempt to withdraw his guilty plea was based on nothing more than a change of heart.

Mamea contends that his counsel did not inform him of a viable defense and failed to object to the alleged Rule 11 violation. We may address the merits of an ineffective assistance of counsel claim on direct appeal if the record is sufficiently complete. United States v. Molina, 934 F.2d 1440, 1446 (9th Cir. 1991). Both Mamea and his attorney testified regarding counsel's assistance, providing us with a sufficient record to decide the claim.

Given our finding that there was no Rule 11 violation, this ground cannot support an ineffective assistance of counsel claim. It is clear from the testimony below that Mamea's attorney fully informed him of his potential defenses and his likelihood of success at trial. Given the strong case against his client, counsel's recommendation to plead guilty was reasonable strategic advice. See Strickland v. Washington, 466 U.S. 668, 690-91 (1984).

Mamea's insufficiency of the evidence argument is not appropriate in the guilty plea context. The relevant inquiry is whether there is a sufficient factual basis for the plea, which is satisfied.

3

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUL 0 8 2004

by: _____
Deputy Clerk

4

```
INTERNAL USE ONLY: Proceedings include all events.
03-10118 USA v. Maumea
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Beverly Wee Sameshima, AUSA<br>[COR LD NTC aus]<br>Office of the U. S. Attorney<br>300 Ala Moana Blvd.<br>Honolulu, HI 96850 |
| v. | |
| ETI MAUMEA<br>    Defendant - Appellant | Beverly Wee Sameshima, AUSA<br>808/541-2850<br>Suite 6100<br>[NTC aus]<br>USH - OFFICE OF THE U.S.<br>ATTORNEY<br>300 Ala Moana Bvld.<br>Honolulu, HI 96850<br><br>Michael G.M. Ostendorp<br>808/531-5655<br>Suite 803<br>[COR LD NTC cja]<br>Attorney at Law<br>Melmin Building<br>333 Queen Street<br>Honolulu, HI 96813 |